## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY CASTILLO SANCHEZ, )<br>)<br>Petitioner, )<br>)<br>vs.     )<br>)<br>RANDALL WORKMAN, Warden, )<br>Oklahoma State Penitentiary, )<br>)<br>Respondent. ) | CIV-10-1171-HE |

### OBJECTION TO PETITIONER'S MOTION FOR
### APPOINTMENT OF AN INVESTIGATOR

Petitioner, Anthony Sanchez, was convicted of first degree murder and sentenced to death. Petitioner's conviction and sentence have been affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on both direct appeal and post-conviction. Petitioner was appointed counsel for the purpose of filing a petition for writ of habeas corpus in this Court. The petition is due on August 4, 2011. A mere six weeks before the due date of his petition, and five years after his conviction, Petitioner has asked this Court for funds to hire an investigator to pursue information to support a possible claim that trial counsel was ineffective for failing to investigate other suspects and for failing to conduct an adequate investigation into mitigating evidence.

"An indigent defendant requesting appointment of an investigator or expert bears the burden of demonstrating with particularity that such services are necessary to an adequate defense." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotation marks

omitted).  Petitioner's request includes nothing more than vague allegations that counsel failed to present evidence of other unnamed suspects.  Further, Petitioner has not provided this Court with any reason to believe that appellate counsel did not uncover all of the additional potentially mitigating evidence there was to discover.  Accordingly, Petitioner has failed to adequately demonstrate the need for an investigator.

Further, any claim that trial counsel was ineffective for failing to investigate other suspects would be unexhausted.[1]  A writ of habeas corpus may not be granted for claims that were not exhausted in state court.  28 U.S.C. § 2254(b)(1)(A); Banks v. Dretke, 540 U.S. 668 (2004).  There is no reason to spend time and money investigating a claim that cannot be the basis for relief.  Petitioner may argue that, if he finds new evidence, he will simply file a successive post-conviction application with the OCCA to exhaust the claim.  However, Petitioner is required to exhaust his state court remedies *before* coming to federal court.  See Rose v. Lundy, 455 U.S. 509, 520 (1982) (holding that the pre-AEDPA habeas corpus statute "provide[d] a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court").  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted to prevent just

---

[1] Petitioner argues that appellate counsel "argued [on direct appeal] that trial counsel all but conceded Mr. Sanchez's guilt of rape and sodomy and failed to 'marshal the evidence' which favored Mr. Sanchez."  However, that ineffective assistance of counsel claim was related solely to Petitioner's convictions for rape and sodomy, and had nothing to do with Petitioner's guilt of the murder.  Sanchez v. State, 223 P.3d 980, 1011 (Okla.Crim.App. 2009).

such gamesmanship, and to protect the principles that underlie our system of federalism. See Rhines v. Weber, 544 U.S. 269, 276-277 (2005) (the purpose of AEDPA was to reduce litigation delays and promote finality by requiring exhaustion of state court remedies and providing for statutory tolling during exhaustion).

In addition, state law prohibits Petitioner from filing another post-conviction application with a new claim that could have been raised previously. See Okla. Stat. tit. 22, § 1086 (all grounds not previously raised may not be the basis for a subsequent application for post-conviction relief). Thus, the OCCA would inevitably find any claims of ineffective assistance of trial counsel raised in any second post-conviction application filed by Petitioner to be waived. The Tenth Circuit has held that when it is obvious that the state court would find the unexhausted claim to be procedurally barred, the federal court will forego the needless "judicial ping-pong" and hold the claim procedurally barred from habeas review. Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993). As such, this Court will be prohibited from considering the claim Petitioner wishes to bring, even if he does raise it in a second post-conviction application. Therefore, it would be a waste of time and resources to appoint an investigator.

The other claim of ineffectiveness advanced by Petitioner is counsel's alleged failure to investigate and present mitigating evidence. This claim was raised by Petitioner on direct appeal and denied by the OCCA. Sanchez, 223 P.3d at 1012-1013. As the claim was decided on the merits, this Court's review is limited to a determination of whether the

OCCA's decision was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The Supreme Court has recently clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). Accordingly, this Court could not even consider any new evidence that Petitioner's investigator might uncover. For all of the foregoing reasons, this Court should deny Petitioner's request for funds for an investigator.

        Respectfully submitted,

        **E. SCOTT PRUITT**
        **ATTORNEY GENERAL OF OKLAHOMA**

        s/Jennifer L. Strickland
        **JENNIFER L. STRICKLAND, OBA# 20546**
        **ASSISTANT ATTORNEY GENERAL**
        313 N.E. 21st Street
        Oklahoma City, Oklahoma 73105
        (405) 521-3921    FAX (405) 522-4534
        Service email: fhc.docket@oag.state.ok.us
        **ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

    **X**    I hereby certify that on this 13th day of July, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Barrett                        Randall Coyne
Barrettlawoffice@gmail.com      rcoyne@ou.edu

        s/Jennifer L. Strickland
        JENNIFER L. STRICKLAND