IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY CASTILLO SANCHEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-10-1171-HE |
| ) | |
| CHRISTE QUICK, Warden, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Pursuant to the limited remand of this case by the Court of Appeals, the court conducted a hearing this date directed to its August 7, 2023, order relating to access to files and records maintained by petitioner's former counsel.  Also addressed at the hearing was petitioner's motion for stay of execution, filed subsequent to the order of remand.  The court heard the arguments of counsel as to both matters.

For the reasons stated more fully from the bench, the court's August 7, 2023, order [Doc. #85] is **VACATED** as to the disposition of the records.  Former counsel are authorized to turn over the materials to Mr. Allen or his authorized representative immediately.  The investigator referenced in some of the filings (Mr. Ballard) is not authorized to receive the materials.

With respect to the motion for stay and as stated more fully from the bench, the court has considerable doubt whether it has the authority to issue a stay of execution in the circumstances existing here.  There are no substantive issues remaining for resolution in this habeas case which is, apart from collateral matters, completed.  Absent authorization

from the Court of Appeals, no further request for habeas relief can be entertained by this court and there has been no such authorization.

Even assuming this court has the authority to issue a stay in the present circumstances, it would nonetheless deny the motion. A stay of execution requires a showing by petitioner of a "significant possibility of success on the merits." Pavatt v. Jones, 627 F.3d 1336, 1338 (10th Cir. 2010). Here, petitioner has made no such showing. There has been no suggestion of a plausible basis for petitioner being entitled to relief. Rather, petitioner's argument is entirely speculative — that he might be able to identify some new issue once his new counsel looks through the case materials. That is wholly insufficient as a basis for stay. The motion for stay of execution [Doc. #100] is therefore **DENIED**.

The court reporter is directed to expedite the preparation of a transcript in the event either party pursues an appeal from this order.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE